F I L E D
United States Court of Appeals
Tenth Circuit

JAN 9 2002

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GALEN PATON, JOANN WOLF,
PETER COSMIANO, MARK LOERA
and ROBERT BRASWELL,
individually; JODIE ROBERTS,
RANDA BARBER, APRIL
CLAIRMONT, and ERICA
TRAVELSTEAD, individually and on
behalf of all others similarly situated,

Plaintiffs-Appellants,

v.

NEW MEXICO HIGHLANDS
UNIVERSITY; BOARD OF
REGENTS OF NEW MEXICO
HIGHLANDS UNIVERSITY;
WAYNE BINGHAM,
S. PETER BICKLEY, JR., THOMAS
KEESING, JOE ROMERO, JR. and
MICHELLE CONCHA, in their
official capacities as Regents;
SELIMO RAEL, individually and in
his official capacity as president; JOE
SINGLETON, individually and in his
official capacity as athletic director;
CINDY ROYBAL, individually and in
her official capacity as senior woman
administrator,

Defendants-Appellees.

No. 00-2119

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. CIV-97-1360-JC)

Kristen Galles, Equity Legal, Alexandria, Virginia, (Linda Vanzi, Vanzi & Gagne, Albuquerque, New Mexico, with her on the briefs), for Plaintiffs-Appellants.

Nancy Ruth Long, Herrera, Long & Pound, Santa Fe, New Mexico, (Timothy L. White, Atwood, Malone, Turner & Sabin, P.A., Albuquerque, New Mexico, on the brief), for Defendants-Appellees.

Before **MURPHY**, **HALL,**[*] and **PORFILIO**, Circuit Judges.

**MURPHY**, Circuit Judge.

## I.    INTRODUCTION

Plaintiffs-Appellants filed a complaint against Defendants-Appellees containing, *inter alia*, allegations asserted on behalf of a class of female student athletes. More than two years passed before the district court certified the class. At the close of trial, but before the matter was submitted to the jury, the court granted Defendants' motion to decertify the class, concluding that trial testimony had demonstrated that no named plaintiff was a member of the class on the date the motion for class certification was filed. The jury thereafter returned a verdict

---

[*]The Honorable Cynthia Holcomb Hall, Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

awarding compensatory damages to the named plaintiffs. Plaintiffs filed motions seeking declaratory and injunctive relief and reconsideration of the class decertification order. Both motions were denied and Plaintiffs brought this appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **reverse** and **remand**.

## II.    BACKGROUND

On October 21, 1997, Plaintiffs filed a lawsuit against Defendants alleging violations of Title IX of the Education Amendments of 1972; the Equal Protection Clause of the Fourteenth Amendment; and Article II, Section 18, of the New Mexico Constitution. At the time the complaint was filed, four of the named plaintiffs were female student athletes at defendant New Mexico Highlands University (the "Student Plaintiffs").[1] The complaint was styled "Verified Class Action Complaint" and contained, *inter alia*, class allegations asserted on behalf of the Student Plaintiffs and "all others similarly situated." The Student Plaintiffs sought declaratory and injunctive relief on behalf of the class members and monetary relief for themselves individually. In the body of the complaint, Plaintiffs requested the court to certify a class consisting of "all present and future female students at [New Mexico Highlands University] who participate,

---

[1]The remaining five named plaintiffs were coaches currently or formerly employed by New Mexico Highlands University.

seek to participate, or are deterred from participating in varsity intercollegiate athletics at [New Mexico Highlands University]." Plaintiffs filed an amended complaint on December 15, 1997 containing the same request for class certification.

On May 7, 1998, Plaintiffs filed a formal motion seeking class certification of four of the claims asserted in the complaint. Defendants sought an extension of time to June 9, 1998 to file a response to the motion. Defendants' response, however, was not filed until September 24, 1999. Plaintiffs contend they agreed to an extension of the time for filing the response in reliance on Defendants' oral stipulation that class membership would be determined as of the date the complaint was filed.

In an order dated October 18, 1999, the district court defined the class as all "present and future female students enrolled at [New Mexico Highlands University] who participate as athletes in intercollegiate athletics." The district court then concluded that class membership should be measured as of May 7, 1998, the date Plaintiffs filed their initial motion for class certification. *See Milonas v. Williams*, 691 F.2d 931, 937 (10th Cir. 1982) (applying a "relation back" theory to grant class certification in an otherwise moot case). The district court further concluded that all class action requirements of Rule 23 of the Federal Rules of Civil Procedure had been met. The court conditionally certified

the class, allowing Plaintiffs fourteen days to file a motion demonstrating that one or more of the Student Plaintiffs were enrolled at New Mexico Highlands University and participating in intercollegiate athletics on May 7, 1998.

The issue was briefed by both parties and on November 8, 1999, the district court entered an order certifying the class. In that order, the court concluded that only one Student Plaintiff, Erica Travelstead, was a member of the class on May 7, 1998. On November 12, 1999, Defendants filed a motion requesting the district court to reconsider its order certifying the class. In support of their motion, Defendants filed an affidavit indicating that Ms. Travelstead had been cut from the women's volleyball team before May 7, 1998. Plaintiffs filed a reply in opposition to Defendants' motion contending, *inter alia*, that both Ms. Travelstead and a second Student Plaintiff, Jodie Roberts, were members of the class on May 7, 1998.

The trial began on November 15, 1999. After all testimony had been presented but before the jury began deliberations, the court decertified the class stating orally, "[t]here is nobody left in the class. . . . There's nobody to represent the class that has really any great concern about it."[2] The jury returned a verdict

_____

[2]This oral ruling was incorporated into a written order dated December 9, 1999 granting Defendants' motion to decertify the class.

in favor of Plaintiffs, awarding compensatory damages to all four Student Plaintiffs.

Plaintiffs then filed a motion requesting the court to reconsider its order decertifying the class. Plaintiffs also filed a motion to alter or amend the judgment to include declaratory and injunctive relief against Defendants. On March 10, 2000, the district court denied the motion for reconsideration but clarified that it had decertified the class because Ms. Travelstead admitted in her trial testimony that she had been cut from the volleyball team prior to the May 7th class-certification date. The court also indicated that the trial testimony of Ms. Roberts and two other witnesses did not support Plaintiffs' assertion that Ms. Roberts was a member of the class on May 7, 1998. The court further concluded that even if Ms. Roberts was a member of the class on May 7th, she could not "adequately represent the class concerning the present conditions at [New Mexico Highlands University] given that she has attended school outside of New Mexico since the fall of 1998." The district court also denied the motion for declaratory and injunctive relief, concluding that Plaintiffs' individual claims could not form the basis for a grant of injunctive or declaratory relief. Plaintiffs then brought this appeal challenging the district court's orders decertifying the class and denying injunctive relief.

## III.  DISCUSSION

This Court reviews a district court's decision to decertify a class for an abuse of discretion.  *See Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988).  A court may certify a class only if it is satisfied that the party seeking class certification has met the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.  *See id.*  Rule 23(a) requires a party to demonstrate that

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Before the court can analyze these factors, however, it must first determine whether the suit has been brought by "[o]ne or more members of [the] class."  *Id.*; *see also Sosna v. Iowa*, 419 U.S. 393, 403 (1975) (addressing the issue of class membership before determining whether the remaining requirements of Rule 23(a) were met).

In the case at bar, the district court decertified the class based on its finding that none of the Student Plaintiffs was a member of the class; thus no Student Plaintiff could maintain the suit on behalf of the class.  The first question before this Court, therefore, is whether any Student Plaintiff was a member of the class on the appropriate measuring date. The district court's factual findings relating to this inquiry are reviewed for clear error.  *See Nieto v. Kapoor*, 268 F.3d 1208,

-7-

1217 (10th Cir. 2001). "A finding of fact is clearly erroneous if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made." *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 892 (10th Cir. 2000) (quotation omitted).

Plaintiffs first argue that class membership should be measured as of the date their complaint was filed. In the alternative, they argue that membership should be measured as of May 7, 1998, the date their initial motion for class certification was filed. Defendants dispute Plaintiffs' assertion that class membership should be measured on the date their complaint was filed but concede that May 7, 1998 is the proper measuring date.[3] Because we conclude that Jodie Roberts was a member of the class on May 7, 1998, it is unnecessary for us to address Plaintiffs' argument that class membership should be measured as of the date the complaint was filed.[4]

---

[3]Plaintiffs also argue that the district court erroneously concluded that Ms. Roberts could not represent the class because she was not a class member on the date of the trial. Plaintiffs assert that the Supreme Court has repeatedly permitted individuals to pursue class claims in a representative capacity even though they are not class members at the time of trial. *See, e.g.*, *Sosna v. Iowa*, 419 U.S. 393, 399-401 (1975). Defendants do not argue that the Student Plaintiffs must be class members at the time of trial but concede that class membership should be measured on May 7, 1998. It is therefore unnecessary for this court to address this issue.

[4]It is also unnecessary for us to address Plaintiffs' argument that Ms. Travelstead was a class member on May 7, 1998.

Both parties introduced evidence relating to Ms. Roberts' status as a class member on May 7, 1998. Ms. Roberts testified at trial that she attended New Mexico Highlands University during the entire 1997-1998 academic year on an athletic scholarship that had not terminated as of May 7, 1998. Plaintiffs also assert that as of May 7, 1998, Ms. Roberts had not been cut or released from the New Mexico Highlands University women's soccer team. Assistant coach Nancy Lane testified that Roberts was still a captain of the team in the spring of 1998.

At oral argument, Defendants conceded that Roberts remained on an athletic scholarship for the entire 1997-1998 academic year, including May 7, 1998. Defendants further conceded that Ms. Roberts completed the academic year and received grades for the 1998 spring semester. Defendants do not assert that Roberts was cut or released from the women's soccer team prior to May 7, 1998. Defendants do allege, however, that Ms. Roberts did not participate in spring soccer practice and thus was not a class member on May 7, 1998. Defendants support their position with an affidavit executed by soccer coach Greg Rusk and attached to their memorandum in opposition to class certification. In his affidavit, Rusk stated that Roberts did not participate in the team's spring training. At trial, however, Rusk was asked if Ms. Roberts practiced with the team in the spring of 1998 and he replied, "Not that I remember."

Plaintiffs aver that Ms. Roberts did participate in soccer practices in the spring of 1998. Their evidence in support of this assertion consists of statements made by Ms. Roberts during her deposition that she attended practices organized by Rusk. Rusk was hired as the women's soccer coach in April 1998. Ms. Roberts also testified at trial that she practiced with Rusk "two or three times" during the last two weeks of school. In both her trial and deposition testimony, Roberts described the practices in some detail. Assistant soccer coach Lane testified at trial that Rusk held practices during the last week of April and the first week of May and that Ms. Roberts participated in at least one practice. Additionally, Roberts and Callie Butler, the team co-captain, testified that they organized team practices after Christmas break and before Rusk was hired.

Defendants argue that the district court weighed Rusk's testimony against that of Roberts and Lane and concluded that Roberts did not practice with the women's soccer team in the spring of 1998 and, thus, was not a class member on May 7, 1998. Plaintiffs argue that the evidence clearly demonstrates that Roberts practiced with the team and the district court's finding to the contrary was clearly erroneous. We conclude that all of the allegedly conflicting evidence as to Ms. Roberts' participation in spring soccer practice is irrelevant to the determination of whether Ms. Roberts was a member of the New Mexico Highlands University women's soccer team on May 7, 1998 and thus a member of the class. The

evidence conclusively demonstrates that as of May 7, 1998, Ms. Roberts: (1) was attending New Mexico Highlands University on an athletic scholarship; (2) was then enrolled at New Mexico Highlands University and attending classes or taking final examinations; and (3) had not been cut or released from the women's soccer team. Based on this relevant and uncontroverted evidence, we conclude that on May 7, 1998, Ms. Roberts was a female student enrolled at New Mexico Highlands University and participating as an athlete in intercollegiate athletics . Thus, she was a member of the class on May 7, 1998, and the district court's finding to the contrary was clearly erroneous. The court, therefore, abused its discretion when it decertified the class on this basis.

In its March 10, 2000 memorandum and order, the district court concluded in the alternative that Ms. Roberts could not fairly and adequately protect the interests of the class because she had not attended school in New Mexico since 1998. *See* Fed. R. Civ. P. 23(a)(4). In the court's written order of October 18, 1999 conditionally certifying the class, however, the court found that the Student Plaintiffs, including Roberts, "have participated in depositions, communicated with their attorney by telephone or mail, and attended settlement hearings." The court also found that "[n]ot one of the named students has withdrawn from the case." Based on these findings, the court concluded that the requirement of Rule 23(a)(4) had been met and the Student Plaintiffs could adequately protect the

-11-

interests of the class. When the court decertified the class less than two months later, none of the facts upon which the earlier order was based had changed. In particular, Ms. Roberts did not leave New Mexico Highlands University between the time the court entered the conditional order and the time it decertified the class; she had left more than one year before the conditional order was entered. Thus, the alternative basis upon which the court decertified the class is not supported by the factual findings in the record and the court abused its discretion when it concluded that Roberts could no longer fairly and adequately protect the interests of the class. [5]

In the Motion to Amend or Alter Judgment filed on December 23, 1999, Plaintiffs requested the district court to grant the declaratory and injunctive relief they requested in their complaint. The court denied the motion stating, "the Court may not enter equitable relief on behalf of a non-existent class of plaintiffs." Because the district court based its denial of Plaintiffs' motion on its erroneous decertification of the class, we must **reverse** that order and **remand** the matter to the district court for further consideration in light of this opinion.

---

[5]Defendants do not argue that Roberts could not fairly and adequately protect the interests of the class because she was not attending school in New Mexico at the time of the trial. Defendants argue only that Student Plaintiffs could not adequately represent the class because none was a member of the class on May 7, 1998.

## IV.     CONCLUSION

The district court's orders decertifying the class and denying Plaintiffs' motion for injunctive and declaratory relief are **reversed**.  The matter is **remanded** to the district court to enter an order certifying the class and for further proceedings on the request for declaratory and injunctive relief.